### CLUTE *v.* EMMERICH.

(*Supreme Court, General Term, First Department.* November 23, 1888.)

1. ABATEMENT AND REVIVAL—DEATH OF PARTY—SUBSTITUTION—EJECTMENT.
   Upon a summary application to revive an action of ejectment, in the name of the deceased plaintiff's representative, the question as to whether the deeds under which plaintiff claimed, were illegal and void under a particular statute, or as to the validity of her claim for damages, cannot be raised; such questions are matters of defense to the action, after it is revived.

2. SAME—COSTS OF PRIOR ORDER.
   The fact that the original plaintiff had failed to pay the costs of a prior order is no objection to the motion to revive.

Appeal from special term, New York county; WILLARD BARTLETT, Justice.

Appeal by Adam Emmerich, defendant, from an order reviving the action, and substituting the petitioner, Thomas J. Clute, as plaintiff, in the place and stead of Isabella B. Clute, deceased. The action was brought to recover possession of real property, and for its use, and damages. Judgment was obtained by plaintiff against defendant, May 6, 1881, for the recovery of possession, and for $2,561.73 for rents, and costs. On December 27, 1882, Mrs. Clute conveyed the land to Hellen Cockburn, who, on the same day, conveyed the same to the petitioner. On May 5, 1884, defendant obtained an order vacating the judgment, and awarding a new trial. On January 24, 1887, Mrs. Clute assigned to the petitioner all her right, title, and interest in the judgment, together with the subject-matter embraced therein. On January 28, 1887, she died intestate, and the petitioner was duly appointed her administrator.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*Gratz Nathan*, for appellant. *Thomas J. Clute, pro se.*

VAN BRUNT, P. J. There seems to have been no valid objection suggested to the order appealed from. The question as to whether the deeds under which Mrs. Clute claimed were illegal and void, by virtue of the statutes in force prohibiting the conveyance of land during the pendency of an ejectment suit, should not be determined upon a summary application such as this; neither should the claim that the alleged cause of action for damages was void. Those are questions which are the subject-matter of defense in an action when it is once revived. The objection that the failure to pay the costs of a prior order, prevented the making of this motion, does not seem to be well taken. It may have stayed all the plaintiff's proceedings, but they seem to have been stayed by a power higher than the court. It was necessary that the case should be revived, in order that there might be some person who could pay the costs, and continue the action. It was not until the action had been actually revived that there was any plaintiff; the plaintiff of record, whose proceedings could be stayed, being dead. The order should be affirmed, with $10 costs and disbursements.

DANIELS, J., concurs.